FOR PUBLICATION

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX
## APPELLATE DIVISION

| | |
|---|---|
| KENNETH R. LINDQUIST, | ) D.C. Civ. App. No. 2005-0197 |
| Appellant, | ) Super. Ct. Civ. No. 551/2004 |
| vs. | ) |
| GOVERNMENT OF THE VIRGIN ISLANDS, | ) |
| Appellee. | ) |

On Appeal from the Superior Court of the Virgin Islands, the
Honorable Edgar D. Ross presiding.

Considered: April 16, 2010
Filed: April 9, 2020

**BEFORE:** **CURTIS V. GÓMEZ**, Chief Judge[1] of the District Court of
the Virgin Islands; **RAYMOND L. FINCH**, Senior Judge of the
District Court of the Virgin Islands; and **MICHAEL C. DUNSTON**,
Judge of the Superior Court of the Virgin Islands, Division of
St. Thomas and St. John, sitting by designation.

**Attorneys:**

**Darwin C. Carr, Esq.**
St. Croix, VI
    *For the Appellant,*

**Richard S. Davis, Esq.**
St. Thomas, VI
    *For the Appellee.*

---

[1] At the time this appeal was considered, Judge Curtis V. Gómez was the Chief
Judge of the District Court of the Virgin Islands.

**MEMORANDUM OPINION**

**PER CURIAM,**

This civil appeal arises from a Superior Court decision dismissing Lindquist's tort action against the Government of the Virgin Islands for lack of subject matter jurisdiction, premised on Lindquist's failure to satisfy the pre-filing requirements of the Virgin Islands Tort Claims Act. For the reasons cited below, we remand this case to the Superior Court.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

The incident giving rise to this action occurred on April 12, 2003. (App. 1.) Within ninety days of the incident, Kenneth Lindquist ("Lindquist") filed a notice of intention to file an administrative claim on the Office of the Governor and served the same on the Office of the Attorney General of the Virgin Islands. On October 7, 2004, Lindquist filed a tort action for damages against the government of the Virgin Islands ("Government" or "Appellee"). The local Attorney General was timely served with a copy of the civil summons and complaint. Timely service was not perfected upon the Office of the Governor of the Virgin Islands.

On April 21, 2005, the Government moved to dismiss the complaint, in lieu of an answer, for failure to satisfy the administrative pre-filing requirements of the Virgin Islands

Tort Claims Act due to insufficient service of process upon the Office of the Governor. On April 25, 2005, the Superior Court denied the Government's motion to dismiss. The Government renewed its argument when it moved on June 6, 2005, for judgment on the pleadings. (App. 45.) Subsequently, the trial court held two proceedings: a June 7, 2005, hearing on the Government's motion for judgment on the pleadings, and an August 26, 2005, bench trial.

During the June 7, 2005, motions hearing, the Government conceded that Lindquist's "only problem is that the defendant did not serve the government within the 120 days as provided for by the Rules." (Trial Tr. 7:9-11, J.A. 12.) Lindquist conceded that he had not served the Governor. Lindquist invoked Fed. R. Civ. P. 4(m) and requested that the Court grant him leave to serve the Office of the Governor with the complaint out of time. (Trial Tr. 8:20-21, 9:14-24, App. 13.)

During the course of the hearing, the trial court determined that the Appellant did not serve a copy of the civil summons and complaint on the Office of the Governor within 120 days of filing the complaint, as required by Fed. R. Civ. P. 4(m). (June 7, 2005 H'rg Tr. 7:5-16, App. 12.) At the conclusion of the hearing, the Superior Court took the matter under

advisement. The court neither ruled on the Government's motion nor granted Lindquist leave to effect service out of time.

On August 26, 2005, the trial court convened a bench trial. There, the trial judge asked Lindquist whether he had served the Office of the Governor after the June 7, 2005, hearing. (Aug. 26, 2005 Trial Tr. 6:9-25, App. 27.) Lindquist responded that, based on his recollection, the trial court had not given him leave to effect service. (*Id.*) The Court told Lindquist that it had given him leave to serve the Governor and dismissed the matter from the bench for Lindquist's failure to effect service of process. (*Id.*) Several hours after the bench trial, Lindquist served the Office of the Governor with a copy of the complaint. (App. 1.) Thereafter, he filed a motion for reconsideration. (App. 49.)

On August 29, 2005, the trial court issued its written ruling denying Lindquist's motion for reconsideration and dismissing his complaint with prejudice. (App. 1-2.) In denying Lindquist's motion for reconsideration, the trial court reasoned that Lindquist had failed to satisfy the Virgin Islands Tort Claims Act when he did not perfect service of the complaint upon the Office of Governor of the Virgin Islands. (App. 1-2.) This timely appeal followed.

II. **STANDARDS OF REVIEW**

A. **Motion for Reconsideration**[2]

Generally, denial of a motion for reconsideration is reviewed for abuse of discretion. *United States v. Herrold*, 962 F.2d 1131, 1136 (3d Cir. 1992). However, "because an appeal from a denial of a motion for reconsideration necessarily raises the underlying judgment for review, the standard of review varies with the nature of the underlying judgment." *Id.; see also McAlister v. Sentry Ins. Co.*, 958 F.2d 550, 553 (3d Cir. 1992). Thus, any legal issues are subject to plenary review, any factual issues are reviewed for clear error, and any issue ordinarily subject to review under the abuse of discretion standard will receive such review. *Bryan v. Todman*, 1993 U.S. Dist. LEXIS 21461 (D.V.I. App. Div. 1993).

---

[2] The local Virgin Islands procedural rule governing motions for reconsideration provides that,

> A party may file a motion asking the court to reconsider its order or decision. . . A motion to reconsider shall be based on:
>
> 1. Intervening change in controlling law;
>
> 2. Availability of new evidence, or;
>
> 3. The need to correct clear error or prevent manifest injustice

Local Rule of Civil Procedure 7.3. The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

**B. Motion to Dismiss and Judgment on the Pleadings**

We conduct plenary review of the question of whether the trial court applied the correct legal standard in evaluating a motion to dismiss. *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008); *Mann v. Brenner*, 2010 U.S. App. LEXIS 6540 (3d Cir. Mar. 30, 2010).

The trial court's consideration of matters outside the pleadings converts a Fed. R. Civ. P. 12(b) motion to dismiss, into a Fed. R. Civ. P. 56 motion for summary judgment. *See Carter v. Stanton*, 405 U.S. 669, 671 (1972). This Court exercises plenary review over an order denying summary judgment and must "apply the same test that the lower court should have utilized." *Simmonds v. Gov't of the V.I.*, 2009 U.S. Dist. LEXIS 35130 (D.V.I. App. Div. Apr. 22, 2009) (citing *Texaco Antilles Ltd. v. Creque*, 273 F. Supp. 2d 660, 662 (D.V.I. App. Div. 2003)).[3] In conducting such review, we must consider questions

---

[3] A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Texaco Antilles Ltd.*, 273 F. Supp. 2d at 662. Summary judgment may be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* Once the moving party properly supports its motion for summary judgment, the non-moving party must establish a genuine issue of material fact in order to preclude a grant of summary judgment. *Id.* The evidence and inferences drawn therefrom must be viewed in the light most favorable to the non-movant. *Id.* "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.*

of law, jurisdiction or interpretation of statute de novo. *See Gov't of the V.I. v. Albert*, 89 F. Supp. 2d 658, 663 (D.V.I. App. Div. 2001); *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999). We afford the more deferential clear error review to factual determinations.[4] *Id.; see also* Fed. R. Civ. P. 12(d); *Lawaetz v. Bank of Nova Scotia*, 653 F. Supp. 1278, 1281 (D.V.I. 1987) (citing *Carter v. Stanton*, 405 U.S. 669, 671 (1972)).

### III. **ANALYSIS**

The trial court dismissed Lindquist's claim for failure to satisfy the pre-filing requirements of the Virgin Islands Tort Claims Act ("VITCA" or "V.I. Tort Claims Act") because he did not timely serve the office of the Governor with a copy of the complaint filed in Lindquist's Superior Court civil suit. (J.A. 1.) As a threshold issue, we address whether to evaluate service of process under the VITCA's claim-filing rubric, or the Federal Rules of Civil Procedure governing the filing a civil complaint.

---

[4] A reviewing court may reverse a factual finding based on "clear error" only where "that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data" or where the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Georges v. Gov't of the V.I.*, 119 F. Supp. 2d 514, 520 (D.V.I. App. Div. 2000).

The VITCA calls for the filing of an administrative claim.[5] At the substantive hearing, the trial court's inquiry centered upon Lindquist's failure to timely serve the Office of the Governor with a copy of the civil summons and complaint, pursuant to the Rules of Civil Procedure.[6] The trial court's

---

[5] V.I. CODE ANN. tit. 33, § 3409(c) provides that,

> a claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the United States Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim thereof, *in which event the claim shall be filed within two years after the accrual of such claim.*

33 V.I.C. § 3409; *see also Daniel v. Gov't of the V.I.*, 1994 U.S. Dist. LEXIS 21100 (D.V.I. 1994)(emphasis added) (where a plaintiff fails to properly file a notice of intent to sue within 90 days after a cause accrues, the court in its discretion may allow a plaintiff to proceed with an action upon showing of a "reasonable excuse" for tardy filing the notice of intent, where the claimant files suit with the court within two years of when the cause accrued); *see also Benjamin v. Gov't of the V.I.*, 1981 U.S. Dist. LEXIS 9358, *at 3 (D.V.I. 1981); *Albert v. Abramson's Enterprises, Inc.*, 790 F.2d 380, 382 (3d Cir. 1986)(serving the office of the Governor is required by the VITCA); *see also Pickering v. Gov't of V.I.*, 19 V.I. 271 (D.V.I. 1982) ("The requirements of service and of notice contained in this chapter are not merely hollow formalities, but rather serve to achieve the strong underlying policy of the chapter in favor of adjusting tort claims filed against the government without resort to litigation.").

[6]
THE COURT: The complaint was filed within the time for which the complaint should be filed. Was it not?

GOVERNMENT COUNSEL: Yes.

THE COURT: And their only problem is that the defendant did not serve the Government within the 120 days as provided for by the rules.

GOVERNMENT COUNSEL: Yes.

THE COURT: And if I were to grant the defendant or the plaintiff's permission to serve the governor, what prejudice would occur to the Government at that time?

final written judgment concluded that "Plaintiff served the instant *Complaint* upon the Governor on August 26, 2005, over twenty-eight months after the accrual of Plaintiff's claims." (App. 1.) The trial court's judgment then proceeded to dismiss the action with prejudice because the Appellant failed to satisfy the VITCA, although the VITCA calls for the filing of an administrative claim rather than the filing of a civil complaint.[7]

On review, we underscore the distinction between the filing of an administrative claim, which is governed by V.I. CODE ANN. tit. 33, § 3409; and the filing of civil complaint, which is governed by Fed. R. Civ. P. 4. *See Albert v. Abramson's Enterprises, Inc.*, 790 F.2d 380, 382 (3d Cir. 1986) (drawing distinction between the filing of an administrative claim under Section 3409(c) and the filing of a civil complaint under the Federal Rules of Civil Procedure). The filing of a civil complaint may suffice as an administrative claim under 33 V.I.C. §§ 3409 and 3410, where substantive notice requirements are met.

---

(June 7, 2005 H'rg Tr. 7:5-16, App. 12); *see also* Fed. R. Civ. P. 4(m) (a summons and complaint must be served on a defendant within 120 days after filing the complaint).

[7] *See supra* note 4.

*See Pickering v. Gov't of the V.I.*, 19 V.I. 271 (D.V.I. 1982)[8]; *see also Albert v. Abramson's Enterprises, Inc.*, 790 F.2d 380, 382 (3d Cir. 1986).[9] The filing of a Section 3409 administrative claim does not, on its own, satisfy the requirements of Fed. R. Civ. P. 4. Hence, proper service of Lindquist's civil complaint is dispositive in this case, because such service could satisfy both the Rules of Civil Procedure and the VITCA. We, therefore, examine this matter under Fed. R. Civ. P. 4.[10]

Service of process in a civil suit is governed by Fed. R. Civ. P. 4(m), which requires that a summons and complaint be served on a defendant within 120 days after filing the complaint. *See* Super. Ct. R. 7; Super. Ct. R. 27(b); *see also Charles v. Woodley*, 47 V.I. 202, 205 (Super. Ct. 2005). Rule 4(m) specifically provides,

---

[8] Where plaintiff filed a written notice of intention to file a tort claim against the government within ninety days of the date on which her claim accrued, but failed to file an administrative claim within two years of accrual as required by this chapter, plaintiff's civil action arising from that claim would be dismissed without prejudice, and plaintiff would be permitted to seek leave of court to have her filing of the lawsuit deemed a claim, *nunc pro tunc*, within the meaning of this chapter. *Pickering* 19 V.I. 271.

[9] Where a complaint contains all of the necessary substantive requirements set forth in Section 3410, it may suffice as a "claim" under the meaning ascribed to that term. *Albert v. Abramson's Enterprises, Inc.*, 790 F.2d 380 (3d Cir. 1986).

[10] *See* Super. Ct. R. 7 ("The practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court and, to the extent not consistent therewith, by the Rules of the District Court, [&] the Federal Rules of Civil Procedure . . ."); *see also* Super Ct. R. 27(b) ("The summons and process shall be served in the same manner as required to be served by Rule 4 of the Federal Rules of Civil Procedure.")

> TIME LIMIT FOR SERVICE. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Fed. R. Civ. P. 4(m).

### A. Mandatory extension for good cause

It is undisputed that Lindquist did not timely serve the Office of the Governor with a copy of the civil summons and complaint. Fed. R. Civ. P. 4 provides that the time for serving process shall be extended for "good cause" shown.[11] *See* Fed. R. Civ. P. 4(j) and (m); *Khurana v. Strategic Distrib.*, 2008 U.S. Dist. LEXIS 100456 (E.D. Pa. Dec. 10, 2008) (citing *Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988)); *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).

---

[11] The Superior Court generally considers three factors in determining whether good cause exists to excuse a failure to comply with Rule 4(m): (1) the reasonableness of plaintiff's efforts to serve the defendant; (2) the prejudice, if any, to the defendant by the lack of timely service; and (3) whether plaintiff moved for an enlargement of time to serve prior to the expiration of the period prescribed by the Rule. *Charles*, 47 V.I. at 210. The plaintiff bears the burden of demonstrating good cause why he could not effect service in a timely fashion. *Carty v. Mason*, 2010 V.I. LEXIS 34, at *5-6 (May 6, 2010).

It is unlikely that Lindquist could properly seek an extension solely on Rule 4(m)'s mandatory good-cause extension because he conceded that "[he didn't] have an[] excuse" for failing to perfect timely service.[12] (App. 27.) Thus, we will now turn to the provisions concerning discretionary, permissive extensions of time laid out in Federal Rule of Civil Procedure 4(m).

### B. Leave to perfect service

Rule 4(m) provides that a court may exercise its discretion to extend service of process within a specified time. Where a plaintiff fails to serve a defendant within 120 days, the trial court "must dismiss the action without prejudice against that defendant *or order that service be made within a specified time. . .* " Fed. R. Civ. P. 4(m) (emphasis added).

At the August 26, 2005, trial, the Superior Court judge dismissed Lindquist's complaint. The colloquy preceding dismissal was as follows:

---

[12] The Court: Did you serve the office of the Governor?
Counsel: No, Your Honor.
The Court: Why not?
Counsel: I don't have any excuse for not doing that. Your Honor, the notice of intent to sue was served on both parties and I don't know why—

(August 25, 2005, Trial Tr. 6:2-8; App. 27.)

> COURT: On June 7th, at 2:00 p.m., the last hearing in this case, weren't you granted permission by the court to serve the governor?
>
> Mr. Carr: I don't believe so, Your Honor. In fact, at that time. . . I said to the Court - - I said the same thing I just said, that the Court has the discretion to order the plaintiff to serve the governor and that was all that needed to be done. But when we left that hearing my recollection is that the court took it under advisement what they were going to do and no Order was ever issued.
>
> COURT: Check the transcript of the hearing and you will find that I told you that you should serve the Governor and I continued the matter for that purpose. Failing to serve the Governor, the complaint will be dismissed.

(August 25, 2005, Trial Tr. 6:12-25; App. 27.) Our thorough review of the record indicates that on June 7, 2005, the trial judge took the matter under advisement, but never explicitly granted Lindquist's counsel leave to serve the Office of the Governor. Hence, we are concerned that this case's summary dismissal was immediately preceded by the trial court's apparent error of fact.

### C. Discretionary extension of time to perfect service

The instant cause of action accrued on April 12, 2003. Within ninety days of the action's accrual, Lindquist served the Office of the Governor with a notice of intention to sue. On October 7, 2004, Lindquist filed his civil complaint with the

Superior Court of the Virgin Islands. On August 26, 2005, Lindquist served the Office of the Governor with a copy of the summons and complaint. Thus, Lindquist filed a complaint within the limitations period, but did not perfect service within the limitations period.

In such circumstances, the Third Circuit has recognized that an extension or other relief to serve process "may be justified [] where the applicable statute of limitations would bar the refiled action." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995); *see also Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 419-20 (3d Cir. 1987) (noting a preference that cases be decided on the merits, and that any doubts should be resolved in favor of this preference).

Likewise, "[a] majority of the federal courts of appeal have [also] held that a trial court, after finding that good cause does not exist for a mandatory extension, *must* consider whether any additional factors warrant granting a permissive or discretionary extension of time." *Beachside Assocs., LLC v. Fishman,* 2010 V.I. Supreme LEXIS 33, at *26-27 (2010) (emphasis in original); *see also Petrucelli*, 46 F.3d at 1307-08 ("[T]he district court must consider whether any other factors warrant extending time even though good cause was not shown. . . [W]e will remand this issue to the district court to exercise its

discretion as to whether the case should be dismissed or an extension of time granted within which service of process can be effected.").[13]

The Virgin Islands Supreme Court has similarly held that a court must consider factors that warrant an extension of time, regardless of whether it ultimately grants or denies the extension. *See, e.g., Bryant v. Caribbean Sun Airlines*, 49 V.I. 93, 97 (Super. Ct. 2007) (extending the period for plaintiff to effect service upon defendant because, in the absence of such an extension, the running of the statute of limitations would bar the complaint); *see also Beachside Assocs., LLC v. Fishman*, 2010 V.I. Supreme LEXIS 33 (2010) (holding that a court must consider whether plaintiff entitled to a permissive extension of time to effect service upon defendant, even if good cause is not shown

---

[13] See also *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007)("The district court's decision to dismiss this case without prejudice for failure to timely effect service was premature, as it did not clearly consider, after finding that the plaintiffs failed to demonstrate good cause, whether a permissive extension of time was warranted under the facts of this case. . ."); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996) (remanding where, "[t]he district court here did not clearly consider, in the absence of good cause, whether a permissive extension of time for service was warranted under the facts of this case. . ."); *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995)("The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. . . If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.").

and the court will ultimately deny the extension);[14] *Boley v. Kaymark*, 123 F.3d 756, 758-59 (3d Cir. 1997) (holding trial court's denial of motion for additional time to serve process was an abuse of discretion because limitations period had expired on plaintiff's claim, thus preventing ability to re-file).

Here, the trial court abused its discretion when it failed to consider whether a permissive extension to effect service was warranted.[15] At the June 7, 2005, hearing, and before trial, Lindquist's counsel requested leave to serve the Office of the

---

[14] "It is essential that the court at least *consider* [the limitations period] in its permissive extension analysis." *Beachside Assocs.*, 2010 V.I. Supreme LEXIS 33 (emphasis added) (citing *Lepone-Dempsey*, 476 F.3d at 1282 ("Although the running of the statute of limitations, which barred the plaintiffs from refiling their claims, does not require that the district court to extend time for service of process under Rule 4(m), it was incumbent upon the district court to at least *consider* this factor.")).

[15] Lindquist filed a timely administrative notice of intention with the Office of the Governor and a timely complaint with the Superior Court. The trial court noted that "[t]he complaint was filed within the time for which the complaint should have been filed" and that, Lindquist's "only" error was in failing to serve the Office of the Governor after filing his civil complaint. (June 7, 2005 H'rg Tr. at 7:9-11, App. 12.)
   The passage of time following this oversight placed Lindquist outside the statute of limitations and precluded him from re-filing a separate action with perfected service. *See* V.I. CODE ANN. tit. 5, § 31(5)(A)(providing a two year limitations period for tort actions); *see also Lepone-Dempsey v. Carroll County Comm'rs.*, 476 F.3d 1277, 1282 (11th Cir. 2007) (noting that the running of the statute of limitations does not require a court to extend the period for service of process, but holding that the courts of that ircuit must at least consider the factor); *see also Charles v. Woodley*, 47 V.I. 202, 214 (Sup. Ct. 2005) (observing that the drafters of the amendment to Federal Rule of Civil Procedure 4(m) contemplated that an extension might be granted in circumstances in which the "statute of limitations would bar the refiled action").

Governor. After trial, Lindquist moved the trial court to reconsider its dismissal, "notwithstanding that the time for service has passed." (Plaintiff's Motion for Reconsideration at 1, App. 49.) We are troubled that the Superior Court's dismissal order neither weighed nor considered whether a discretionary, permissive extension was merited. The trial court's summary dismissal on the merits is particularly disconcerting here: Lindquist timely filed a complaint, timely filed a notice of intention to sue with the Office of the Governor within ninety days of the cause's accrual, and formally requested leave to perfect service of process. "It is axiomatic that when a court with discretion fails to balance the pertinent factors required for it to properly exercise that discretion, such failure constitutes an abuse of discretion." *Rivera-Mercado v. General Motors Corp.*, 51 V.I. 307, 330 (2009). Hence, while we render no opinion as to whether a discretionary extension was warranted, we remand for the Superior Court to examine the propriety of Lindquist's request.

### D. Dismissal with prejudice

We are also troubled by the nature of the trial court's dismissal. Fed. R. Civ. P. 4(m) unambiguously provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days [the Court], shall dismiss the action

*without prejudice* as to that defendant." *Id.* (emphasis added). In a clear misapplication of the appropriate standard, the trial court elected to dismiss Lindquist's complaint "with prejudice." (App. 2.)

## V. CONCLUSION

Because the Superior Court erred in several respects, we remand for the Superior Court to consider whether Lindquist should be granted a permissive extension of time to serve the Office of the Governor with a copy of this action's summons and complaint. In so doing, the trial court shall also address the following issues: whether such an extension would unduly prejudice the Government; whether the VITCA's limitations period applies; whether Lindquist's timely notice of intention to sue may be deemed a claim under the VITCA or whether Lindquist should be permitted to seek leave of the Superior Court to have his filing deemed a claim within the meaning of VITCA.[16] An order consistent with this opinion shall follow.

---

[16] Where a claimant proceeding under [33 V.I.C. § 3409] has timely filed a notice of intention to file a claim and has thereafter filed a related lawsuit within the two-year general limitations period, that claimant may seek leave of the court to have that notice deemed a claim within the meaning of the chapter, and such relief will be afforded, *nunc pro tunc*, upon a sufficient showing that the government has not been unduly prejudiced by the failure of the claimant to timely serve a claim with the Office of the Governor. *Pickering,* 19 V.I. 271 (D.V.I. 1982).